Eastern District of Kentucky
**FILED**

JUL 0 8 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-499-JBC

DANIEL W. LOCKRIDGE, PLAINTIFF

V. **PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
Social Security Administration, DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Daniel W. Lockridge, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g), for judicial review of the Commissioner's decision that he was not under a "disability," as defined in the Social Security Act, at any time through the date of the ALJ's decision, and that based on his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) filed on January 5, 2000, he was not disabled and was not entitled either to DIB or SSI payments.

This matter is before the Court on cross-motions for summary judgment. [DE ##4, 5].

By Order of April 8, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

On plaintiff's application at issue, he alleged that he became disabled on February 1, 1999, due to back injury, left hip replacement and degenerative disc disease. (Tr. 19). This application was denied initially and on reconsideration, resulting in an ALJ hearing. On January 25, 2001, ALJ Charles J. Arnold issued a decision unfavorable to plaintiff. (Tr. 379-384). The Appeals Council granted plaintiff's request for review of the ALJ decision and remanded the case to the ALJ for further consideration. (Tr. 393-395).

Thereafter, ALJ Arnold held another hearing on May 28, 2003, and on June 11, 2003, ALJ Arnold issued a hearing decision unfavorable to plaintiff. (Tr. 703-707). The Appeals Council granted plaintiff's request for review of the ALJ decision and remanded the case to the ALJ for further proceedings. (Tr. 711-713). However, since this case had previously been remanded to the ALJ who issued the first decision, this time it was remanded to a different ALJ. (Tr. 712).

Subsequently, on May 7, 2004, ALJ John M. Lawrence held another ALJ hearing (Tr. 90-114), and on June 14, 2004, ALJ Lawrence issued a new ALJ decision, again unfavorable to plaintiff. (Tr. 19-27). The Appeals Council denied plaintiff's request for review of the ALJ decision (Tr. 12-14), making the ALJ's decision the final decision of the Commissioner.

Plaintiff was born on November 2, 1959, has a high school education, and has past relevant work experience (PRW) as parcel service delivery driver (Tr. 143, 173). Summarizing the findings of ALJ Lawrence, he found that (1) claimant has not engaged in substantial gainful activity since his alleged onset date; (2) claimant's cocaine and narcotic drug abuse, status post bilateral hip replacement and degenerative disc disease are "severe" impairments; however, he did not have an impairment or a combination of impairments listed in, or medically equal to an impairment listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning his limitations are not totally credible; (4) claimant is unable to perform his past relevant work (PRW); (5) claimant has the residual functional capacity (RFC) to perform a significant range of light work, with certain postural limitations; (6) claimant has no transferable skills from any of his PRW and/or transferability of skills is not an issue in this case; (7) although claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, there is a significant number of jobs in the national economy claimant can perform, such as cashier/counter clerk work and weighing/measuring inspecting work; and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, June 14, 2004. (Tr. 19-27).

The Appeals Council declined to review the ALJ's decision; therefore, the ALJ's decision dated June 14, 2004, represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

### IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff asserts that (1) the ALJ failed to give a narrative description of how he determined plaintiff's residual functional capacity (RFC), as required by Social Security Ruling (SSR) 96-8p, (2) if, in arriving at plaintiff's RFC, the ALJ relied on paper reviews of the state agency physicians in 2000, such reliance was error since plaintiff's avascular necrosis of both hips was not diagnosed until March of 2002, (3) the ALJ erred by failing to discuss the weight he gave to the various medical opinions of record, including that of Dr. James Templin in August of 2002, in violation of SSR 96-8p, (4) the ALJ erred in assessing plaintiff's credibility and subjective complaints of pain in that he did not consider the factors outlined in 20 C.F.R. § 404.1529 and SSR 96-7p, (5) the ALJ failed to comply with SSR 00-4p (2000) when he failed to ask the Vocational Expert (VE) how the jobs identified by the VE that plaintiff could

perform are classified in the Dictionary of Occupational Titles, and (6) the ALJ erred by failing to find plaintiff entitled to a closed period of disability during the time he underwent two hip replacement surgeries that were performed twelve (12) months apart. For these reasons, plaintiff contends that the ALJ's decision is not supported by substantial evidence, that the Commissioner's decision should be reversed and that he should be awarded disability benefits, effective as of his onset date. Alternatively, plaintiff requests that this matter be remanded to the Commissioner for further proceedings.

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

## Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decisions, the medical evidence of record, Exhibits B1-F through B21-F, and the transcripts of the ALJ hearings. Based on this review, the Magistrate Judge is unpersuaded by plaintiff's claims, with the exception of plaintiff's claim concerning the ALJ's failure to comply with SSR 00-4p (2000), which requires the ALJ to ask the VE whether the jobs identified as being consistent with a plaintiff's RFC conflict with the job descriptions set out in the Dictionary of Occupational Titles (DOT).

In the ALJ hearing decision, ALJ Lawrence summarizes in one paragraph the testimony of the VE at page 7 of his opinion. See Tr. 25. The last sentence of that paragraph states: "The vocational expert testified that all the jobs identified were consistent with the descriptions set forth in the *Dictionary of Occupational Titles*." (Tr. 25). However, a review of the transcript of the VE's testimony reflects that the ALJ did not ask the VE if the jobs which he had identified that plaintiff could perform were consistent with the descriptions set forth in the DOT. See Tr. 109-114. Thus, the statement in the ALJ's decision that the VE testified that all the jobs identified were consistent with the job descriptions set forth in the DOT is unsupported by the record. Additionally, irrespective of the ALJ's foregoing erroneous statement, SSR 00-4p imposes an affirmative duty

4

on the ALJ to inquire of the VE whether the jobs identified by the VE as being consistent with plaintiff's RFC are also consistent with the job descriptions set forth in the DOT, as seen in *Teverbaugh v. Commissioner of Social Security*, 258 F.Supp.2d 702, which explains this duty, as follows:

> The final issue raised by Plaintiff, however, supports Plaintiff's request for a remand. It is undisputed that the ALJ failed to question the VE regarding whether the jobs she identified as being consistent with Plaintiff's residual functional capacity (RFC) conflicted with the DOT. The VE also failed to provide the codes for the positions that she listed, which would have enabled Plaintiff to consult the DOT to determine whether, in fact, a conflict exists.
>
> Plaintiff has submitted evidence that she could not simply "figure out" which jobs the VE was referring to by simply looking up the job titles. Moreover, Plaintiff is correct in her assertion that, at step five, the burden is on the ALJ to prove that other work exists in significant numbers in the national economy that Plaintiff can perform. 20 C.F.R. §§ 404.1520(f). In order to meet that burden, the ALJ was required to ensure that there was no conflict between the VE's testimony and the DOT.
>
> A recent social security ruling states that an ALJ is obligated to resolve any conflicts between a VE's testimony regarding jobs that a claimant can perform and the DOT's description of what is required to perform the jobs identified:
>
> **Resolving Conflicts in Occupational Information**
>
> Occupational evidence provided by a VE ... generally should be consistent with the occupational Information supplied by the DOT. When there is an apparent unresolved conflict between VE ... evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE ... evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency. Neither the DOT nor the VE ... evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE ... is reasonable and provides a basis for relying on the VE ... testimony rather than on the DOT information.
>
> Social Security Ruling 00-4p (December 4, 2000).

258 F.Supp.2d at 705-06.

The Commissioner acknowledges the ALJ's failure to comply with SSR 00-4p (2000); however, the Commissioner argues that such non-compliance in this case is no more than harmless error that is insufficient to warrant a remand of this case to the Commissioner for a third time.

5

The Magistrate Judge is unpersuaded by the Commissioner's "harmless error" argument. This error is more than "harmless error" because in the absence of any testimony from the VE that the jobs he identified that plaintiff could perform were consistent with the job descriptions supplied by the DOT and/or in the absence of any testimony from VE concerning the codes for the jobs identified, it is not possible to determine whether the jobs identified conflict with the DOT job descriptions and whether the ALJ needs to elicit additional testimony from the VE in order to resolve this conflict, if any, as explained in *Teverbaugh, supra.*

In *Young v. Commissioner of Social Security*, 351 F.Supp.2d 644 (E.D. Mich. 2004), the court was confronted with a similar ALJ error and addressed this error, as follows:

> If the ALJ would have perceived a conflict between the vocational expert's opinion and the job requirements for reasoning and reading listed in the *DOT*, then the ALJ was obliged to elicit information to resolve the conflict. SSR 00-4p states that "[o]ccupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the *DOT*. When there is an apparent unresolved conflict between VE or VS evidence and the *DOT*, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled." The record, however, discloses no attempt to comply with SSR 00-4p.
>
> Viewing the record as a whole results in the conclusion that the ALJ did not resolve inconsistencies in the evidence or properly evaluate the extend [sic] of the plaintiff's residual functional capacity. The Court finds, therefore, that the ALJ's determination that the plaintiff can perform a significant number of jobs in the economy is not supported by substantial evidence.

351 F.Supp.2d at 652.

In the present action, the ALJ made no attempt to comply with SSR 00-4p by asking the VE if the jobs identified were consistent with the DOT job descriptions or asking the VE to provide the codes for the jobs identified so that it could be determined whether the jobs identified as being within plaintiff's RFC were consistent with the DOT job descriptions.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, for all of the reasons stated above, the Magistrate Judge concludes that the

6

Commissioner's decision that Plaintiff is not disabled is presently not supported by substantial evidence and that this action should be remanded to the Commissioner for further proceedings.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #4] be **DENIED WITHOUT PREJUDICE**, that the defendant's motion for summary judgment [DE #5] be **DENIED WITHOUT PREJUDICE**, and that this action be **REMANDED** to the Commissioner for the purpose of obtaining additional testimony from the Vocational Expert concerning the deficiencies noted herein.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This 8th day of July, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE