UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 04-499-JBC

DANIEL W. LOCKRIDGE,                                                                PLAINTIFF,

V.           **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                     DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the plaintiff's motion for attorney fees under 42 U.S.C. § 406(b)(1) (R. 15). The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

**I. Procedural History**

James Roy Williams represented the plaintiff, Daniel Lockridge, before this court in this social security disability case. The court remanded the case to the Commissioner for the purpose of obtaining additional testimony from the Vocational Expert (R. 11). Counsel for the plaintiff was subsequently awarded $2,500 in attorney fees under the Equal Access to Justice Act ("EAJA") (R. 14). During the administrative proceedings, the plaintiff was represented by attorney Carolyn Adams. Ms. Adams was successful in obtaining a favorable decision for the plaintiff, and the plaintiff was awarded $93,785.00 in past-due benefits. The Commissioner withheld twenty-five percent of this amount, or $23,446.25, for payment of attorney fees. Ms. Adams will receive a fee of $5,300.00 for work performed at the administrative level. Mr. Williams now moves for $16,500.00 in

attorney fees based on § 406(b) of the Social Security Act for his work before this court.

## II. Analysis

Under 42 U.S.C. § 406(b), when a "court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." Because of this Court's remand, the Commissioner issued a favorable decision, entitling the plaintiff to past-due benefits. "[Section] 406(b) calls for court review of [contingency fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

In reviewing a contingent fee agreement, a court should first look to the terms of the agreement and confirm that the fee requested is within the guidelines provided by the statute, then test it for reasonableness. *Id.* at 808. When the amount requested is within the twenty-five-percent cap, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered, and "[i]f the benefits are large in comparison to the amount of time spent by counsel in the case, a downward adjustment may be in order." *Id.*; *see also Crawford v. Astrue*, 545 F.3d. 854 (9th Cir. 2008).

Deductions are permissible under only two circumstances: "(1) those

occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Hayes v. Sec'y of Health and Human Services,* 923 F.2d 418, 420-421 (6th Cir. 1990).

In the fee agreement between Mr. Williams and the plaintiff, the plaintiff agreed to pay twenty-five percent of the past-due benefits awarded to him and his family. Here, the amount requested is within the twenty-five-percent parameter set by section 406(b), even after taking into account the amount to be paid to Ms. Adams for her representation of the plaintiff at the administrative level. Because the amount requested is less than twenty-five percent of the past-due benefits awarded by the ALJ, the court will now turn to whether the amount requested is reasonable. The fact that Mr. Williams has requested less than the twenty-five-percent figure does not eliminate the need for the Court's analysis. *See Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989) ("[T]he legislature has drafted the fee provision so that there is a cap of twenty-five percent of the past due benefits allowed for recovery and has inserted the requirement that the court must determine the "reasonableness" of the award up to that maximum.").

The plaintiff's attorney, Mr. Williams, has requested $16,500.00. When that fee is divided by the 23.5 hours the attorney expended before this court, Mr. Williams would be compensated at an hourly rate of $702.13. The Commissioner argues that such an hourly rate constitutes a windfall and that the court should

3

award fees at an hourly rate of no more than $200.00, which is twice the $100.00 hourly rate the court awarded under the EAJA. Using that rate, the Commissioner argues that Mr. Williams should be awarded only $4,700.00 ($200 per hour times 23.5 hours).

Mr. Williams argues that his background and experience justify a standard hourly rate of about $350.00 per hour. According to his statements, Mr. Williams has handled over 400 social security appeals in federal court, has spoken at 35 seminars on social security law, and has served as Chair of the Social Security Committee of the Cincinnati Bar Association and on the Board of Directors of the National Organization of Social Security Claimants' Representatives. Mr. Williams has submitted documentation to the Court regarding hourly rates in the downtown Cincinnati, Ohio area and nationwide for attorneys with similar experience, which are well above the $100.00-per-hour standard fee argued for by the Commissioner.

Additionally, Mr. Williams states that the transcript in this case was long – 898 pages – and that he reviewed it in its entirety for the proceedings before this court because he did not represent the plaintiff at the administrative levels. Mr. Williams states that he was able to review the transcript and provide representation in fewer hours and more efficiently than many other attorneys because of his over 30 years of experience in social security law. Mr. Williams also states that this was not a case where he merely submitted boilerplate pleadings to the court. *See Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been

4

submitted on boilerplate pleadings . . . the benchmark twenty-five percent of awards fee would obviously be inappropriate.").

Although the fee viewed as an hourly rate billing is on the high side, this is not an hourly rate billing. "It is not at all unusual for contingent fees to translate into large hourly rates . . . . In assessing the reasonableness of a contingent fee award, [the court] cannot ignore the fact that the attorney will not prevail every time." *Royzer v. Sec'y of Health and Human Services*, 900 F.2d 981, 982 (6th Cir. 1990). An hourly rate that is less than twice the attorney's standard rate is per se reasonable, and an hourly rate that is equal to or greater than twice the standard rate may well be reasonable, where the contract is made contingent on the client's ultimate success. *Hayes*, 923 F.2d at 422. "Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast." *Royzer*, 900 F.2d at 982. The Court finds that the hourly rate sought by Mr. Williams is reasonable and will award the total amount of fees he requested.

The plaintiff's counsel must refund to the plaintiff the smaller of the EAJA fee or the §406 fee. *Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989). Thus, Mr. Williams must refund the EAJA fee to Mr. Lockridge. Accordingly,

**IT IS ORDERED** that the plaintiff's motion to file a reply brief (R. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for attorney fees (R. 15) is **GRANTED,** and $16,500 will be paid to plaintiff's counsel.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order from the court (R. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner is directed to release any remaining amounts withheld to Daniel Lockridge after attorneys Williams and Adams have both been paid.

**IT IS FURTHER ORDERED** that the plaintiff's counsel will return to Daniel Lockridge the $2,500.00 received in EAJA fees.

Signed on  January 15, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY